IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROBERT MILLER, #866293, | § § § |
| Plaintiff, | § § |
| v. | § § Case No. 6:20-cv-662-JDK-KNM |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, et al., | § § § § |
| Defendants. | § § § |

**ORDER OF DISMISSAL**

On December 28, 2020, Plaintiff Robert Miller filed an original civil rights complaint initiating this action, but did not file an advanced written permission from a United States District Judge or Fifth Circuit Judge expressly authorizing the filing of this case or pay the applicable filing fee in full.

On November 13, 2018, the Northern District of Texas **barred** Plaintiff from filing any new civil action or lawsuit in that court or any other court unless he obtains advanced written permission from a United States District Judge or Fifth Circuit Judge expressly authorizing the filing of such law or civil action. *Miller v. Univ. of Tex. Med. Branch Hosp.*, No. 6:18-cv-41-C, Docket No. 7 at 5 (N.D. Tex. Nov. 13, 2018). The Northern District Court further instructed Plaintiff that any request for permission to file a lawsuit must be accompanied by: (a) a proposed, completed complaint on the proper form, and (b) payment in full of the applicable filing fee. *Id*. Plaintiff was also warned that further frivolous or malicious filings could result in

1

additional sanctions, including monetary sanctions. *Id.*

Since the entry of that order, Plaintiff has had at least the following suits dismissed as barred: *Miller v. University of Texas Medical Branch, et al.*, No. 5:19-cv-0012-C (N.D. Tex. Jan. 13, 2019); *Miller v. Bustos*, No. 6:20-cv-167 (E.D. Tex. May 21, 2020); and *Miller v. University of Texas Medical Branch, et al.*, No. 6:20-cv-223 (E.D. Tex. June 16, 2020). Based on the Plaintiff's conduct before the Northern District of Texas and this Court, this Court adopted a similar restriction in a subsequent lawsuit by Plaintiff. *Miller v. Univ. of Tex. Med. Branch*, No. 6:20-cv-223, Docket No. 7 at 5 (E.D. Tex. June 16, 2020).

This Court is bound by the sanctions imposed by the United States Court of Appeals for the Fifth Circuit and honors sanctions imposed by other federal district courts in the State of Texas. *See* General Order No. 94-6 (E.D. Tex. Feb. 2, 1994); *Balawajder v. Scott*, 160 F.3d 1066, 1068 (5th Cir. 1998) (explaining that a district court does not abuse its discretion in honoring sanctions imposed by other district courts). This Court takes the sanctions imposed by a sister district or court seriously and will not disregard a sanction that has been imposed.

Here, Plaintiff did not present authorization from a district judge or the Fifth Circuit prior to filing this lawsuit. Further, he failed to pay the full filing fee of $400 with the filing of this suit. Accordingly, it is hereby **ORDERED** that this civil action is **DISMISSED WITH PREJUDICE** as **BARRED.**

So **ORDERED** and **SIGNED** this **3rd** day of **February, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

2